UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-62071-civ-DIMITROULEAS/ROSENBAUM

DHL EXPRESS (USA), INC., an Ohio corporation,

        Plaintiff,

vs.

USS LOGISTICS, LLC, a Utah limited liability company, JOHN DOES 1-100,

        Defendants.
_____/

**DECLARATION OF ROBERT ROSS IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS OR STAY
PENDING RESOLUTION OF PREVIOUSLY
FILED ACTION AND SUPPORTING MEMORANDUM OF LAW**

I, Robert Ross declare as follows:

1. I am the Vice President of USS Logistics, LLC ("Logistics") and the Vice President of Sales of United Shipping Solutions, LLC (collectively with Logistics, "USS"). My duties include administration, sales, and growth support for USS, as well as new franchise sales for USS.

2. USS owns and operates a franchise system in which its franchisees resell shipping services primarily to small and medium-sized businesses. Each franchisee is granted the right to resell the shipping services of USS's carriers, with whom USS has separately contracted. USS has contracts with 27 such carriers, including, among others, DHL Express (USA), Inc. ("DHL").

3. DHL is in the business of providing shipping and freight transportation services throughout the United States and abroad, and prior to its repudiation of the Reseller Agreement, DHL was the primary service provider of the USS franchise system.

4. On or about January 30, 2003, Logistics and DHL entered into a Reseller Agreement for U.S. Origin Domestic and International Service (the "Reseller Agreement") under which DHL would provide "expedited international air express services . . . and [] domestic door-to-door air express services for documents and/or packages or freight being sent to various domestic locations throughout the United States" for the USS franchise system and its customers (the "Services"). The Reseller Agreement provides that California law will govern it. A true copy of the Reseller Agreement and its Amendments is attached hereto as Exhibit A.

5. In 2005, USS and DHL executed an amendment to the Reseller Agreement, effective August 10, 2005 (the "2005 Amendment"). Among other things, the 2005 Amendment extended the term of the Reseller Agreement through January 29, 2015. In 2006, USS and DHL executed another Amendment to the Reseller Agreement. There, the parties eliminated the without cause termination provision which previously had allowed either party to terminate at any time for any reason, by giving 150 days prior written notice.

6. USS came to rely upon DHL for the Services, and integrated DHL into its franchise operations. DHL became the primary provider of Services to the USS franchise system and its customers over the last (5) five years.

7. On or about November 10, 2008, DHL announced at a press conference that it would discontinue its express and ground services in the United States. Specifically, DHL announced that it would no longer offer domestic shipping to customers that had not shipped any international packages within the past 12 months after December 10, 2008. DHL also announced that it would stop all other domestic shipping in the U.S. as of January 30, 2009.

8. DHL has since taken action to put its decision to terminate domestic services into effect and wind down its U.S. domestic affairs. Recently, DHL confirmed that it will be an international shipping only business beginning February 1, 2009.

9. USS filed a lawsuit against DHL in Utah on December 22, 2008 (the "Utah Action"). The Utah Action involves the business relationship between USS and DHL and asserts claims for breach of contract, breach of the covenant of good faith and fair dealing, and declaratory relief. Later, a number of franchisees joined the Utah Action as plaintiffs and more have requested to join. None of these franchisees are located in Florida or do business there. USS and the Utah Action franchisees seek relief for DHL's breach of the Reseller Agreement in connection with the discontinuation of its express and ground services in the United States.

10. On or about December 26, 2008, DHL filed its complaint in this Action. DHL asserts claims for breach of contract and declaratory relief as to the rights and obligations of the parties to the Reseller Agreement. In the Utah Action, USS and the other plaintiffs seek, at a minimum, damages of $140 million, which exceed the sum of $6,269,204 allegedly due DHL for the services provided by DHL to USS's customers.

11. The Reseller Agreement was entered into in Utah, and many of the witnesses and evidence to be presented are in Utah. None of the franchisees in the Utah Action are located in Florida and, as I understand it, lack business contacts in Florida.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 2nd day of January 2009, in Salt Lake County, Utah.

_____
Robert Ross